IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHLEIGH FREER, | : | No. 3:11cv281 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| ALLIED SERVICES; | : | |
| RED DEUCE, LLC; | : | |
| FRANK NIEMIEC and | : | |
| DONALD SPENCER, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### **MEMORANDUM**

Before the court for disposition are motions to dismiss Plaintiff Ashleigh Freer's complaint filed by all defendants. The motions have been briefed and are ripe for disposition.

**Background**

Plaintiff, a paraplegic, does not have the use of her legs and uses a wheelchair. (Doc. 9, Am. Compl. ¶ 7). Plaintiff leased a residence in Wysox, Pennsylvania, from Defendant Red Deuce LLC. (Id. ¶ 11). Defendant Frank Niemiec is a principal of Red Deuce, LLC and Defendant Donald Spencer is the maintenance man employed by Red Deuce and/or Niemiec. (Id. ¶ 9).

Plaintiff moved into the residence on March 1, 2009. (Id. ¶ 11). After she began living at the residence, plaintiff noticed that the temperature of the hot water in the sink was extraordinarily high. (Id. ¶ 12). She complained to Defendant Spencer about the water temperature. (Id. )

Defendant Allied Services ("Allied") is an agency responsible for the care, protection and safety of plaintiff due to her underlying medical conditions. (Id. ¶ 27). Allied assigns case workers to ensure that plaintiff is safe in her home. (Id. ¶ 28). These case workers are Allied's employees. (Id.)

On April 11, 2009 plaintiff attempted to shower at the premises with some hardware she had obtained to make showering possible. (Id. ¶ 14-15). In the process, she sustained serious burns to her right foot due to the temperature of the water. Based upon these facts, plaintiff filed suit on February 9, 2011. (Doc. 1, Compl.). Plaintiff filed an amended complaint on April 6, 2011. (Doc. 9). The amended complaint asserts negligence claims against all the defendants. The defendants move to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The matter is fully briefed and ripe for disposition.

**Jurisdiction**

Plaintiff is a citizen of New York state, and the defendants are citizens of the Commonwealth of Pennsylvania. Therefore, this Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

This case is before the court pursuant to defendants' motions to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is

tested.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted).  "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted).  "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d

3

Cir.1997). To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

Defendants Red Deuce, Niemiec and Spencer (collectively "the landlord defendants") filed a motion to dismiss, and Defendant Allied also filed a motion to dismiss. We will discuss each separately.

**I. Motion to dismiss of Red Deuce, Niemiec and Spencer**

Defendants raise several issues. We will address each in turn.

**1. Are the landlord defendants entitled to dismissal because plaintiff has failed to plead sufficient facts to implicate a duty?**

Under Pennsylvania law, for a defendant to be liable for negligence, a plaintiff must establish "that the defendant had a duty to conform to a certain standard of conduct, that the defendant breached that duty, that such breach caused the injury in question, and actual loss or damage. Whether a defendant owes a duty of care to a plaintiff is a question of law in Pennsylvania." Berrier v. Simplicity Mfg., Inc., 563 F.3d 38, 61 (3d Cir. 2009) (internal quotation marks and citations omitted).

The landlord defendants argue that plaintiff has pled insufficient facts to establish a duty owed from the landlords to the plaintiff/tenant. We disagree. Generally, a landlord does not owe a duty to a tenant to warrant that the leased premises are in tenantable condition. Where the landlord retains control over part of the leased premises, however, he can be liable

for harm caused by a dangerous condition existing on the portion over which he retained control "if by the exercise of reasonable care he could have discovered the condition and the risk involved, and made the condition safe." Fralish v. A.O. Smith Corp., 1333 MDA 202, 2004 WL 1587559 at * 11 (Pa. Super. Ct. Jul. 7, 2004) (citing Smith v. M.P.W. Realty Co., Inc., 225 A.2d 227, 229 (1967).

In this case, plaintiff's complaint, which we must accept as true for purposes of a motion to dismiss, indicates that "Defendants Red Deuce, Spencer and Niemiec, at all times during Plaintiff's tenancy exercised control over the water heater that managed the temperature for the water in Plaintiff's residential unit." (Doc. 1, Compl. ¶ 19). In fact, subsequent to the scalding at issue, and consistent with their control over the water heater, these defendants turned down its temperature. (Id. ¶ 17). Defendant Spencer told plaintiff that he had initially turned up the water heater temperature because the tank on the heater was very small and unless he set the temperature high, the heater did not generate enough hot water for the bathroom. (Id. ¶ 18).

These assertions are sufficient to establish that defendant exercised control over the water heater so as to give rise to a duty. Additionally, plaintiff indicates that prior to the scalding, she had complained to Defendant Spencer about the high temperature of the water. (Id. ¶ 12).

Accordingly, plaintiff alleges that defendants retained controlled over the water heater and were on actual notice of the dangerous condition. Plaintiff has thus sufficiently pled a negligence cause of action against the landlord defendants, and their motion to dismiss on this ground will be

denied.[1]

**2.  Are Defendants Spencer and Niemiec entitled to dismissal because they are principals of an LLC and Pennsylvania Law precludes individual liability of members of an LLC?**

In the instant case, the lease is between Defendant Red Deuce, LLC and plaintiff.  Defendants Niemiec and Spencer are members of the LLC.  Niemiec and Spencer argue that the court should dismiss the case as against them because the law provides for no liability for LLC members in actions brought against the LLC.  Plaintiff agrees with defendants' position that members of an LLC cannot be sued on the basis of vicarious liability for the torts of the LLC.  See 15 PA. CONS. STAT. ANN. § 8991.  Plaintiff argues that she sues Spencer and Niemiec as individuals, not as members of the LLC.

We are unconvinced by plaintiff's argument.  Nothing in the complaint indicates an independent duty owed from Niemiec or Spencer to the plaintiff.  Their relationship and the duty owed to the plaintiff arises because of the lease she entered into with the LLC.  Accordingly, Niemiec and Spencer will be dismissed from the action.[2]

---

[1] Both plaintiff and the landlord defendants present an analysis of the five factors that Pennsylvania Supreme Court has set forth to establish whether a duty is owed in various relationships.  See, e.g., Morrison v. Wells Fargo Bank N.A., 711 F. Supp. 2d 369, 383 (M.D. Pa. 2010).  The court need not address this general test as the courts have already addressed the particular relationship at issue, that is landlord/tenant.

[2] The landlord defendants also argue that the amended complaint should be dismissed because plaintiff filed it without permission from the court.  We will deny this ground for dismissal and *sua sponte* grant leave for the filing of the amended complaint.  The plaintiff should have indeed

## II. Defendant Allied's motion to dismiss

Defendant Allied also filed a motion to dismiss plaintiff's complaint. As noted above, to assert a proper negligence cause of action, plaintiff must allege that the defendant owed her a duty of care.

Allied argues that it owed no duty of care to the plaintiff. In its brief, it indicates: "[Allied] acted merely as an intermediary payroll company for the Plaintiff. The Plaintiff hired her own in-home care attendant, maintained the schedule and type of activities that the in-home care attendant was to provide and maintained exclusive right to hire and fire the attendant. The Plaintiff would merely submit billing statements to [Allied] so that [Allied] could obtain payment through the Department of Public Welfare." (Doc. 14, Def. Allied's Br. at 4-5).

Although, Defendant Allied may ultimately be correct, we cannot at this stage of the proceedings credit its version of the facts. We must accept as true, the plaintiff's complaint. The complaint alleges as follows:

> Defendant, Allied Services ("Allied") is an agency that was responsible for the care, protection, and safety of Plaintiff, due to her underlying medical conditions.
> Specifically, Defendant assigned case workers, who were employees of Allied, to make sure that Plaintiff was safe her in [sic] home.
> Defendant specifically assumed the duty of caring for Plaintiff, and making sure she was safe in her home, and the apartment that Plaintiff was renting from Red Deuce, LLC.

---

sought permission from the court to file the amended complaint. See FED. R. CIV. P. 15(a). However, the court would have granted leave had it been sought as the case is not very old and none of the parties would suffer prejudice from its filing. Therefore, for purposes of judicial economy, we will not order the plaintiff to seek leave to file the complaint. We will *sua sponte* grant leave and deem the amended complaint as properly filed.

>       Defendant was negligent, and in derogation of its duty, in the following respects:
>           (a) by failing to check to make sure the hot water was set to a safe temperature;
>           (b) by not taking reasonable precautions to ensure the safety of Plaintiff from burns, especially knowing of Plaintiff's underlying medical conditions, and her decreased physical sensations caused by those conditions[.]

(Doc. 9, Am. Comp. ¶¶ 27-30).

Thus, it is clear that plaintiff alleges much more involvement on behalf of Allied, than Allied presents in its version of the facts. At this stage of the proceedings, however, we accept the plaintiff's version of the facts as true. We find that plaintiff's allegations are sufficient to assert a duty and thus a negligence cause of action against Allied. Accordingly, Allied's motion to dismiss will be denied.

**Conclusion**

For the reasons set forth above, the motion to dismiss on behalf of Defendants Niemiec and Spencer will be granted and the motions to dismiss will be denied in all other respects. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHLEIGH FREER, | : | No. 3:11cv281 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| ALLIED SERVICES; | : | |
| RED DEUCE, LLC; | : | |
| FRANK NIEMIEC and | : | |
| DONALD SPENCER, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 7th day of November 2011, the portion of the Landlord Defendants' motion to dismiss relating to Defendant Niemiec and Spencer in their individual capacities is hereby **GRANTED** and Defendant Niemiec and Defendant Spencer are dismissed from this case.  The motions to dismiss (Docs. 10 & 12) are **DENIED** in all other respects.  Additionally, plaintiff's amended complaint is deemed properly filed.

                                                     **BY THE COURT:**

                                                     **s/ James M. Munley**
                                                     **JUDGE JAMES M. MUNLEY**
                                                     **United States District Court**